IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                   PLAINTIFF/RESPONDENT

V.                       Criminal No. 2:13-cr-20032-PKH-MEF-1
                         Civil No. 2:18-cv-02023-PKH-MEF

MAURO GONZALES                                               DEFENDANT/PETITIONER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Defendant/Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed on May 6, 2022. (ECF No. 78). No service of the § 2255 Motion was directed and, therefore, the United States of America has not filed a response. The matter is ready for report and recommendation.

**I.      Background**

On February 6, 2017, Gonzales appeared with counsel before the Hon. P. K. Holmes, III, United States District Judge, for a change of plea hearing. (ECF No. 17). A written Plea Agreement was presented to the Court, and Gonzales pleaded guilty to the one count Indictment charging him with conspiracy to distribute methamphetamine. (ECF Nos. 17, 18). Gonzales' guilty plea was accepted, and sentencing was deferred pending a presentence investigation. (ECF No. 17).

An initial Presentence Investigation Report ("PSR") was prepared by the United States Probation Office on May 5, 2017. (ECF No. 19). On May 12, 2017, the Government advised that it had no objections to the PSR. (ECF No. 20). Seven days later, Gonzales advised that he had no objections to the PSR. (ECF No. 22).

The final PSR was submitted to the Court on May 25, 2017. (ECF No. 23). The PSR concluded that Gonzales was accountable for 2,052.8 grams of actual methamphetamine and

1

3,360 grams of a mixture of methamphetamine, which converts under the Guidelines to a total of 47,776 kilograms of marijuana equivalent. (*Id.*, ¶¶ 35-38). Based on that drug quantity, Gonzales' Base Offense Level was determined to be 36. (*Id.*, ¶ 43). This was increased four levels for Gonzales' aggravating role in the offense as an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive (*Id.*, ¶¶ 38, 46), resulting in an Adjusted Offense Level of 40 (*Id.*, ¶ 48). After a three-level reduction for acceptance of responsibility, Gonzales' Total Offense Level was determined to be 37. (*Id.*, ¶¶ 50-52). Gonzales had a criminal history score of zero, placing him in Criminal History Category I. (*Id.*, ¶ 60). The statutory maximum term of imprisonment for the offense of conviction is 20 years. (*Id.*, ¶ 83). Based upon a Total Offense Level of 37 and a Criminal History Category of I, Gonzales' advisory Guidelines range was determined to be 210 to 262 months imprisonment; however, since the statutorily authorized maximum sentence of 20 years is less than the maximum of the Guidelines range, the applicable Guidelines range was adjusted to 210 to 240 months. (*Id.*, ¶ 84).

Gonzales appeared for sentencing on July 26, 2017. (ECF No. 25). The Court made inquiry that Gonzales was satisfied with his counsel; the PSR was reviewed and adopted; Gonzales and his counsel were afforded the opportunity to speak and make a statement; and, the Court then imposed a Guidelines sentence of 235 months imprisonment, three years supervised release, no fine, and a $100.00 special assessment. (*Id.*; ECF No. 35, pp. 11-12). Judgment was entered by the Court on July 28, 2017. (ECF No. 26).

On August 4, 2017, retained counsel, Franklyn Mickelson, entered an appearance on behalf of Gonzales. (ECF No. 29). Through his retained counsel, Gonzales timely filed a direct appeal from the Judgment. (ECF No. 30). Gonzales subsequently filed a motion to

dismiss his appeal, his counsel stating that after reviewing the record with Gonzales it was determined that there were no non-frivolous issues to raise on appeal. (Appellate Case No. 17-2709, Motion to Dismiss filed September 18, 2017). The Eighth Circuit Court of Appeals granted the motion to dismiss on September 19, 2017 (ECF No. 37-1), and the Court's Mandate was issued on the same date (ECF No. 37).

On February 5, 2018, Gonzales filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 38). The motion alleged three grounds for relief, summarized as follows: (1) plain error was committed when the Court misapplied the guidelines providing a four-level enhancement for a leader/organizer; (2) ineffective assistance of counsel for failing to object to the four-level enhancement for a leader/organizer; and, (3) ineffective assistance of counsel for failing to argue for a downward variance under the factors of 18 U.S.C. § 3553(a). (ECF No. 38, pp. 4-5; ECF No. 39).

The United States' response to the motion was filed on March 6, 2018. (ECF No. 42). Gonzales filed a reply on March 22, 2018. (ECF No. 43). Finding Gonzales' Guidelines claim procedurally defaulted and not cognizable in a § 2255 proceeding, and his claims of ineffective assistance of counsel to be unsupported by the record, the undersigned filed a Report and Recommendation on March 29, 2018, recommending dismissal. (ECF No. 44). Gonzales filed written objections to the undersigned's Report and Recommendation on April 12, 2018, claiming that he did not meet the role of a leader/organizer as was outlined in the report, and that unfair judicial procedures were used with the undersigned acting as a prosecutor. (ECF No. 45).

Finding that Gonzales' objections offered neither law nor fact requiring departure from the Report and Recommendation, Judge Holmes entered an Order adopting the Report and

3

Recommendation on April 17, 2018, and Gonzales' § 2255 motion to vacate was denied with no certificate of appealability to issue. (ECF No. 46).

On May 14, 2018, Gonzales filed a Notice of Appeal to the Eight Circuit Court of Appeals and a simultaneous Request for a Certificate of Appealability. (ECF No. 47). In a Judgment entered on November 28, 2018, the Eighth Circuit denied Gonzales' application for a certificate of appealability and dismissed his appeal. (ECF No. 55-1). The Mandate was issued on February 6, 2019. (ECF No. 55).

Gonzales then filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and First Step Act on November 5, 2020. (ECF No. 56). The motion alleges two main grounds for relief: (1) extraordinary and compelling circumstances involving Gonzales's aging parents lacking the ability to care for themselves in the time of COVID posing a risk of irreparable harm; and (2) that Gonzales did not pose a danger to any person or the community itself and only wished to be deported to Mexico. (*Id*.). The Government filed a response in opposition on November 19, 2020. (ECF No. 57). Gonzales filed a traverse on December 4, 2020. (ECF No. 58).

Judge Holmes issued an Opinion and Order denying the motion for compassionate release on December 8, 2020, finding that: (1) Gonzales's mere expectation and desire to be deported does not preclude the § 3553(a) factors from being considered; (2) the § 3553(a) factors do not support modification in this case; (3) the sentencing properly reflected the seriousness of Gonzales' offense; (4) Gonzales had only served a small portion of the sentence, having not been arrested until 2016 after being indicted in 2013, and to reduce it would ignore the sentencing factors that justified imposing the original sentence. (ECF No. 59).

Gonzales filed a Notice of Appeal on December 21, 2020. (ECF No. 60). The Court of Appeals for the Eighth Circuit summarily denied the appeal on December 23, 2020. (ECF No. 68-1). The Mandate was issued on January 25, 2021. (ECF No. 68).

Next, on March 11, 2021, Gonzales filed a motion to reduce his sentence pursuant to 18 U.S.C § 3742(a). (ECF No. 63). The motion asserted that: (1) the district court erred in enhancing Gonzales with a four-level increase without properly finding him to be a "leader or organizer" of criminal activity involving five or more persons; (2) the Government failed to sustain its burden of proof due to the evidence pointing to "the Gamboa conspiracy," with Gonzales being only a middleman, and the PSR being insufficient to support factual findings; and (3), even if Gonzales were included, there were less than five participants involved, which falls short of the "5 or more" requirement to be a "leader or organizer." (*Id.*). The Government filed its response in opposition on March 19, 2021. (ECF No. 64). Gonzales filed a traverse on March 29, 2021. (ECF No. 65).

Judge Holmes entered an Order on April 13, 2021, denying the motion to reduce sentence, finding that a district court does not have authority under § 3742 to review a final sentence. (ECF No. 66). The Order further noted that even if the Court were to construe Gonzales' motion as a § 2255 motion, the motion would be denied as Gonzales had previously filed a § 2255 motion and had not received appropriate certification from the circuit court. (*Id.*).

Gonzales filed a Notice of Appeal on September 27, 2021. (ECF No. 69). He filed a Motion for Certificate of Appealability three days later. (ECF No. 72). Judge Holmes entered a Text Only Order on October 4, 2021, denying the motion for certificate of appealability, finding that 18 U.S.C. §§ 3742(a)(1) and (a)(2) are the basis for appellate review of a district

court's sentencing decisions; that these sections do not grant jurisdiction to a district court to review a final sentence; and, that reasonable jurists would not differ on the issue. (ECF No. 73). The Eighth Circuit summarily affirmed the district court's order denying the motion for sentence reduction on November 10, 2021 (ECF No. 77-1), and its Mandate was issued on January 13, 2022 (ECF No. 77).

On May 6, 2022, Gonzales filed the Motion to Vacate under 28 U.S.C § 2255 now pending before the Court. (ECF No. 78). The sole ground for relief is ineffective assistance of counsel "at the plea agreement when counsel never explained Petitioner's Due Process right to records under the Freedom of Information Act … or the Privacy Act of 1974 …." (*Id.*, p. 4). Gonzales further asserts, "[k]nowing Petitioner's limited English[,] Counsel erred in guiding Petitioner to seek information under FOIA which may or may not have helped said case." (*Id.*). He further claims his language barrier, foreigner status, and limited knowledge of United States law is why the issue was not raised in an earlier appeal. (*Id.*, p. 5). Gonzales does not identify any specific information that he would have sought under FOIA or the Privacy Act, nor does he explain how any such information may have helped his case. Gonzales also fails to allege that he sought authorization from the United States Court of Appeals for the Eighth Circuit to file a second or successive application for relief under 28 U.S.C. § 2255.

## II.     Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,

may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).  A thorough review of Gonzales's § 2255 motion and the files and records of this case conclusively shows that this Court is without authority to consider the motion, and the undersigned recommends that the motion (ECF No. 78) be dismissed with prejudice.

### Second and Successive Petitions Are Prohibited Without Authorization

The Anti-Terrorism and Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2241 et seq, imposed procedural requirements on federal prisoners, like Gonzales, who wish to file "second or successive" motions to vacate their sentences. The AEDPA amended 28 U.S.C. § 2244(b) to preclude the filing of any subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive motion or application. 28 U.S.C. § 2255 also provides that a second or successive § 2255 motion may not be filed without prior appellate court approval in the manner provided in 28 U.S.C. § 2244. A second or successive motion must be certified under 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

>(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *Rodgers v. United States*, 229 F.3d 704 (8th Cir. 2000).

The Eighth Circuit has held that when a successive § 2255 motion is filed in the district court without prior compliance with the certification requirement, a district court lacks jurisdiction to entertain the § 2255 motion. *See United States v. Matlock*, 107 F. App'x 697 (8th Cir. Aug. 13, 2004) (unpublished opinion) ("[t]he district court properly dismissed the motion"); *Boykin v. United States*, 242 F.3d 373 (8th Cir. 2000) (unpublished table decision) (the district court lacked the power and authority to entertain the defendant's second or successive § 2255 motion and the Eighth Circuit Court of Appeals remanded the case with directions to dismiss the motion for lack of jurisdiction).

For the reasons discussed below, Gonzales' pending § 2255 motion is clearly a "second or successive motion," filed without authorization from the Eighth Circuit Court of Appeals, and this Court lacks jurisdiction to consider the motion.

On its face, Gonzales' pending § 2255 motion is a second or successive § 2255 motion. Gonzales' first § 2255 motion was filed on February 5, 2018. (ECF No. 38). It was dismissed by this Court on May 14, 2018. (ECF No. 46).

The issue raised in the pending motion was not raised by Gonzales in his first § 2255 motion. Gonzales now alleges that his counsel was ineffective by failing to explain his due process rights to records under FOIA, which "may or may not" have helped his case. (ECF No. 78, p. 4). Claims in a later petition are properly dismissed as successive, if they have been heard and decided on the merits in a previous petition, or as an abuse of the writ, if they were not previously raised but should have been. *See Washington v. Delo*, 51 F.3d 756, 759 (8th Cir. 1995) (citing *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992)). Gonzales states that the

language barrier between him and his counsel, his status as a foreigner, and his limited knowledge of United States law prevented him from filing these claims in his earlier petition. (ECF No. 78, p. 5).  He fails, however, to point to any specific newly discovered evidence in his motion.  Mere speculation about the value of potential records sought under FOIA does not meet the "clear and convincing evidence" requirements of § 2255.

Further, Gonzales failed to obtain certification from the Eighth Circuit Court of Appeals before filing his pending § 2255 motion.  As noted above, the Eighth Circuit has held that when, as in this case, a successive § 2255 motion is filed in the district court without prior compliance with the certification requirement, a district court lacks jurisdiction to entertain the § 2255 motion.  This Court, therefore, has no jurisdiction to consider Gonzales' current § 2255 motion absent the appropriate certification from the Eighth Circuit Court of Appeals.  Because Gonzales has not been authorized by the Eighth Circuit Court of Appeals to file a second or successive § 2255 motion, this Court must either dismiss the instant action or transfer it to the Eighth Circuit Court of Appeals.  *Boyd v. United States*, 304 F.3d 813 (8th Cir. 2002).

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.  A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing.  28 U.S.C. § 2244(b)(3)(A).  Here, it would not be in the interests of justice to transfer the matter to the Court of Appeals for the Eighth Circuit for authorization as a second or successive filing under § 2255.  This is because Gonzales does not assert (1) any newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable

9

fact finder would have found him guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2255(h); *Washington*, 51 F.3d at 759.

### III.   Conclusion

For these reasons, it is recommended that Gonzales' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 78) be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of June 2022.

/s/ Mark E. Ford
Hon. Mark E. Ford
United States Magistrate Judge